# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Sozo Illinois, Inc., f/k/a Sozo Health, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Jay Robert Pritzker, Governor of the State of Illinois, in his official capacity; and<br><br>Mario Treto, Jr., in his official capacity as Acting Secretary of the Illinois Department of Financial and Professional Regulation<br><br>Defendants. | Case No. 21-cv-03809 |

## MOTION FOR A
## TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Plaintiff Sozo Illinois, Inc. f/k/a Sozo Health, Inc. ("Sozo"), by and through its attorneys, Hansen Reynolds LLC, and pursuant to Federal Rule of Civil Procedure 65(a) and (b) hereby moves this Court for a temporary restraining order followed by a preliminary injunction to enjoin Defendant Jay Robert Pritzker, in his official capacity as Governor of Illinois, and Mario Treto, Jr., in his official capacity as Acting Secretary of the Illinois Department of Financial and Professional Regulation from enforcing certain licensure provisions of the amended Cannabis Regulation and Tax Act (which was just signed into law by Governor Pritzker one week ago, on July 15, 2021). The first substantial step in the process of implementation of the Act is scheduled to begin on July 29, 2021 (when the first of three lotteries to award new licenses for dispensaries serving the residential market is supposed to take place).

In support thereof, Sozo has filed a Verified Complaint (Dkt. 1) and Memorandum in Support

1

of this motion (which is attached to Sozo's Motion for Leave to File Oversized Brief). Sozo incorporates its complaint and the supporting memorandum herein.

1. This case concerns the recently amended Cannabis Regulation and Tax Act (the "2021 Act"). As set forth in the Verified Complaint and supporting memorandum, Sozo seeks to enjoin the implementation of the licensing process prescribed by the 2021 Act because it suffers from several constitutional defects.

2. *First,* by awarding points to applicants majority-owned by Illinois residents and by creating a special lottery for 55 of the licenses for "Social Equity Justice Involved Applicants" (a category of individuals effectively limited to Illinois residents), the 2021 Act violates the Commerce Clause of U.S. Constitution. Indeed, in the last year, at least three district courts have held that similar residency preference in other states' cannabis licensing schemes likely violate the "dormant" Commerce Clause, which prohibits discrimination against out-of-state residents. *See Toigo v. Dep't of Health and Senior Services, et al.*, No. 2:20-cv-04243 (W.D. Mo. June 21, 2021); *Lowe v. City of Detroit*, No. 21-CV-10709, 2021 WL 2471476 (E.D. Mich. June 17, 2021); *NPG, LLC v. City of Portland, Maine*, No. 2:20-cv-00208-NT, 2020 WL 4741913 (D. Me. August 14, 2020) (Dkt. 1-3). *See* Memorandum in Support, at 7-11.

3. *Second,* the 2021 Act violated Sozo's rights to due process and equal protection under the U.S. and Illinois Constitutions by changing the rules under which Sozo's application were to be evaluated (under an earlier version of the Act passed in 2019) *after* the applications were submitted. Specifically, Sozo relied on provisions of the 2019 Act in structuring its Illinois operations and submitting its applications that awarded "Social Equity" points for, among other things, employing residents from certain economically depressed areas within Illinois that had been negatively impacted by the War on Drugs. After the applications were submitted, however, the 2021 Act changed the rules and accorded preferential treatment to Social Equity Applicants who obtained that status but

2

solely by virtue of the being majority owned by individuals from those same areas. As set forth fully in Sozo's supporting memorandum, this change in the application process violated Sozo's constitutional rights to due process and equal protection. *See* Memorandum in Support at 11-16.

4. As demonstrated in its supporting memorandum, Sozo has shown it is likely to succeed on the merits on all of its constitutional claims, any of one which supports the issuance of temporary restraining order and preliminary injunction. Sozo also has shown that it will suffer irreparable harm by showing that it will suffer from a prospective constitutional violation, and that it has no adequate remedy of law as money damages are not available against the Defendants (who are sued in their official capacity). *See* Memorandum in Support at 17-19. Moreover, both the balance of harms and public interest favor the issuance of a temporary restraining order and preliminary injunctive relief as the public is served by enjoining a statute that is likely unconstitutional, *see* Memorandum in Support at 19-20.

5. As the lotteries to award the licenses pursuant to the 2021 Act begin on July 29, 2021, Sozo respectfully requests that the Court issue an immediate temporary restraining order barring Defendants from proceeding with the lotteries and the award of licenses pursuant to the 2021 Act. This will allow the Court to consider Sozo's application for a preliminary injunction after full briefing (and a hearing if necessary). Given that Illinois has already delayed the issuance of these licenses for over a year since the 2019 Act's original deadline of May 1, 2020, a few additional weeks (or even months) to address the substantial constitutional issues raised by Sozo will not prejudice Defendants. At that point, Sozo will ask for a preliminary injunction prohibiting Defendants from proceeding with the lotteries and the award of licenses pursuant to the 2021 Act until the constitutional defects in the law are corrected.

Respectfully Submitted,

**HANSEN REYNOLDS LLC**

/s/    Alan Nicgorski

Alan Nicgorski (State Bar No. 6243574)
Joseph Jacobi (State Bar No. 6273967)
Sarah Troupis Ferguson (pro hac vice pending)
150 S. Wacker Dr. 24th Floor
Chicago, IL 60606
Phone: 312.265.2253
Email: anicgorski@hansenreynolds.com
       jjacobi@hansenreynolds.com
       sferguson@hansenreynolds.com

*Attorneys for Plaintiff Sozo Illinois, Inc.*